IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

NOV 1 3 2001

| | | |
|---|---|---|
| CINDY MAE, INC., § | | |
| LAWRENCE ZAK and § | | |
| FRANCISCO REYNA § | | |
| Plaintiffs § | | |
| § | CIVIL ACTION NO. | B-01-192 |
| VS. § | | |
| § | | |
| BEA CORPORATION, § | IN ADMIRALTY | |
| RAUL LIMAS, *in personam*, and § | | |
| THE OIL SCREW FISHING § | | |
| VESSEL BEA, her engines, tackle, § | | |
| etc., *in rem* § | | |
| Defendants § | | |

## COMPLAINT

Plaintiffs **Cindy Mae, Inc., Lawrence Zak** and **Francisco Reyna**, for their Complaint against, **Bea Corporation, Raul Limas**, *in personam*, and the **Oil Screw Fishing Vessel BEA, her engines, tackle, etc.,** *in rem*, civil and maritime, respectfully allege as follows:

1.
### Jurisdiction/Venue

This is a cause of action within the admiralty and maritime jurisdiction of the United States and this Honorable Court in accordance with 28 U.S.C. §1333 and Rule 9(h) and Supplemental Rule C of the Federal Rules of Civil Procedure. Venue in this district is proper pursuant to 28 U.S.C. §1391(c).

2.
### Parties

2.01 **Cindy Mae, Inc.** is a Texas corporation with its principal office and place of business in Brownsville, Cameron County, Texas, and at all material times it was and still is the owner and operator of the Fishing Vessel

*Gulf Seas*, Official No. 557253, which, prior to the events hereinafter alleged, was tight, staunch, strong, properly manned and in all respects seaworthy.

2.02  **Lawrence Zak** is a resident of Brownsville, Cameron County, Texas, and at the time of the events hereinafter alleged, was captain of the F/V *Gulf Seas*.

2.03  **Francisco Reyna** is a resident of Brownsville, Cameron County, Texas, and at the time of the events hereinafter alleged, was Rigman of the F/V *Gulf Seas*.

3.

3.01  At all material times Defendant **Bea Corporation** was and still is a Texas corporation with its office and principal place of business in Port Isabel, Cameron County, Texas, and is the owner and operator of the steel hull shrimp trawler *Bea*, Official No. 516400. Said Defendant may be served with process through its registered agent, **Raul Limas**, at 600 South Shore Drive, Port Isabel, Texas.

3.02  Defendant **Raul Limas** is a resident of Cameron County, Texas and may be served at 600 South Shore Drive, Port Isabel, Texas.

4.

The F/V *Bea*, Official No. 516400, is a United States documented shrimp trawler with her homeport at Port Isabel, Texas, and said vessel is now, or will be during the pendency of this action, within this district and within the jurisdiction of this Honorable Court.

5.
### Facts of Collision

5.01  On the early morning of January 14, 2000 the F/V *Gulf Seas* was underway at 2 1/2 knots engaged in fishing on a south-southeasterly direction off the lower Texas coast in 210 feet of water with three crewmembers aboard, including Plaintiffs Lawrence Zak as captain and Francisco Reyna as Rigman.

5.02   At approximately 4:30 A.M. on said date, during night hours, moderate weather, and poor visibility, as the F/V *Gulf Seas* was trawling on a south-southeasterly course, the F/V *Bea*, proceeding on a northwesterly course and approaching from the port side, crossed the bow of the F/V *Gulf Seas* and collided with and struck the port bow and cabin of the F/V *Gulf Seas* with her outrigger, causing extensive physical damage to the F/V *Gulf Seas* and personal injuries to Plaintiffs Lawrence Zak and Francisco Reyna.

5.03   After the aforesaid collision, the F/V *Bea* left the scene and failed to stand-by to render aid to the disabled F/V *Gulf Seas* and her injured crewmembers.

6.
## Liability of Bea Corporation and the Fishing Vessel *Bea*

The aforesaid collision and resulting damages and personal injuries were not caused or contributed to by any fault or negligence on the part of Plaintiff **Cindy Mae, Inc.**, the F/V *Gulf Seas*, or those in charge of her, but were solely caused or contributed to by the fault and negligence of the F/V *Bea*, and the persons in charge of her navigation and for whom Defendant **Bea Corporation** and **Raul Limas** are responsible, and by the unseaworthiness of the F/V *Bea*, in the following respects, among others, which will be shown at the trial of this cause:

1)  The F/V *Bea* and those in charge of her navigation were not attentive to their duties and were not maintaining a proper and alert lookout;

2)  The F/V *Bea* was not properly manned and was in charge of incompetent persons at the time of collision;

3)  The F/V *Bea* crossed the bow of the F/V *Gulf Seas* in violation of Rule 15, International Rules of the Road;

4)  The F/V *Bea* failed to sound or make any signal to indicate her navigation or warn those in charge of the F/V *Gulf Seas*;

5) The F/V *Bea* failed to sound an alarm or any other signal to indicate danger of collision;

6) The F/V *Bea* failed to alter course, stop, reverse her engines or take any steps to avoid collision;

7) The F/V *Bea* did nothing to avoid collision; and

8) The F/V *Bea* failed to stand-by to render aid to the disabled F/V *Gulf Seas* and left the scene of the collision in violation of the Stand-By Act, 33 U.S.C. §367, thereby giving rise to the presumption that the F/V *Bea* was at fault for the collision.

### 7.
### Individual Liability of Raul Limas

7.01 On information and belief, Plaintiff alleges that **Bea Corporation** was the *alter ego* of Defendant **Raul Limas** and the corporate fiction should be disregarded and individual liability imposed upon Defendant **Raul Limas**.

7.02 In 1982 **Raul Limas** formed **Bea Corporation** for the sole purpose of operating the Fishing Vessel *Bea*. **Bea Corporation** owns no other assets nor is it in any other business other than operating the Fishing Vessel *Bea*. Defendant **Raul Limas** is the sole shareholder, director and principal officer of this closely held corporation known as **Bea Corporation.** Said Defendant was ultimately responsible for the day-to-day decision making and running of the business operations of **Bea Corporation**. As part of the operations of a shrimp boat, an owner routinely has the shrimp boat maintained and repaired and is responsible for its manning.

7.03 In conducting its operations, the decision was made by **Raul Limas** to operate without collision liability insurance. Further, **Raul Limas** unlawfully employed non-United States citizens to serve as captain of the F/V *Bea*. **Raul Limas** authorized and/or condoned the F/V *Bea* leaving the scene of the accident involving the F/V *Gulf Seas* and failure to render aid to the

disabled F/V *Gulf Seas* and her injured crewmembers on the occasion in question.

    7.04   Therefore, Plaintiffs respectfully request the Court to disregard the corporate fiction and to determine that **Bea Corporation** was at all material times the *alter ego* of Defendant **Raul Limas** based on one or more of the following factors:

1) **Raul Limas** controlled **Bea Corporation** and conducted its business affairs without due regard for the separate nature of the business;

2) The corporate assets of **Bea Corporation** were dealt with by **Raul Limas** as if owned by him;

3) Corporate formalities were not adhered to by **Bea Corporation**;

4) **Bea Corporation** is organized and operated as a mere tool or business conduit of the **Raul Limas** and his other businesses entities;

5) The corporate fiction of **Bea Corporation** is designed as a means of evading existing legal obligations;

6) The corporate fiction of **Bea Corporation** is designed to circumvent the responsibility of carrying collision liability and other marine coverages;

7) **Bea Corporation** is a corporation formed and operated with inadequate capitalization;

8) The corporate fiction of **Bea Corporation** is a means of perpetuating fraud;

9) **Raul Limas** commingled funds of **Bea Corporation** with his personal funds and with funds of other corporations owned by him;

10) **Raul Limas** applied funds of **Bea Corporation** to pay his personal debts and obligations;

11) **Raul Limas** authorized and/or condoned the action of the F/V *Bea* in leaving the scene of the accident and failing to render aid to the disabled F/V *Gulf Seas* and her injured crewmembers in violation of the Stand-By Act, 33 U.S.C. §367; and

12) **Raul Limas** authorized and condoned the operation of the F/V *Bea* by unqualified and incompetent personnel;

## 8.
## Damages

8.01   As a direct and proximate result of the aforesaid collision and events made the basis of this lawsuit, Plaintiff **Cindy Mae, Inc**. has sustained damages and loss in the sum of Seventy Thousand ($70,000.00) Dollars, as nearly as the same can now be ascertained, including the cost of repairs, replacement of fishing gear, loss of earnings of the vessel during repairs and other incidental expenses, no part of which has been paid by Defendants, although duly demanded.

8.02   As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff **Lawrence Zak** was caused to suffer physical injuries to his neck, cervical spine and his entire body in general, and to incur the following damages:

1) Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the collision complained of herein and such charges are reasonable and were usual and customary charges for such services in Cameron County, Texas.

2) Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred by Plaintiff in the future;

3) Physical pain and suffering and mental anguish in the past;

4) Physical pain and suffering and mental anguish in the future;

5) Physical impairment in the past and which, in all reasonable probability, will be suffered in the future;

6) Loss of earnings in the past;

7) Loss of earning capacity which will, in all probability, be incurred in the future.

8.03 As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff **Francisco Reyna** was caused to suffer physical injuries to his ankle, foot, leg, neck, cervical spine and his entire body in general, and to incur the following damages:

1) Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the collision complained of herein and such charges are reasonable and were usual and customary charges for such services in Cameron County, Texas.

2) Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred by Plaintiff in the future;

3) Physical pain and suffering and mental anguish in the past;

4) Physical pain and suffering and mental anguish in the future;

5) Physical impairment in the past and which, in all reasonable probability, will be suffered in the future;

6) Loss of earnings in the past;

7) Loss of earning capacity which will, in all probability, be incurred in the future.

8.04 In addition to the foregoing personal injury damages, Plaintiffs **Lawrence Zak** and **Francisco Reyna** sustained property loss consisting of lost catch and lost groceries and items of personal belongings.

### 9.
### Maritime Lien

Plaintiffs' claims herein constitute a maritime lien against the Defendant Vessel F/V *Bea*, which is enforceable by suit *in rem*.

# PRAYER

WHEREFORE, premises considered, Plaintiffs **Cindy Mae, Inc., Lawrence Zak and Francisco Reyna**, pray that:

1. Summons in due form of law be issued against Defendants **Bea Corporation and Raul Limas**, and that said Defendants be cited to appear and answer all and singular the matters aforesaid;

2. *In rem* process in due form of law be issued for the arrest of the F/V **Bea**, and that all persons claiming any interest therein be cited to appear and answer the matters aforesaid;

3. On final trial that Plaintiffs have judgment against Defendants **Bea Corporation** and **Raul Limas**, *in personam*, and the F/V **Bea**, *in rem*, for their damages, together with pre-judgment and post-judgment interest thereon, and costs;

4. The F/V **Bea** be condemned and sold to pay all sums awarded to Plaintiffs; and

5. Plaintiff have and recover such other and further relief to which they may justly be entitled.

Respectfully submitted,

Jack G. Carinhas, Jr.
State Bar No. 03795000
USDC No. 1179
302 Kings Highway, Suite 109
Brownsville, Texas 78521
Telephone:  956/542-9161
Telefax:    956/542-3651

O 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

SOUTHERN DISTRICT OF TEXAS

CINDY MAE, INC.,
LAWRENCE ZAK and
FRANCISCO REYNA

**SUMMONS IN A CIVIL ACTION**

V.

CASE NUMBER: B-01-192

BEA CORPORATION,
RAUL LIMAS, in personam, and
The Oil Screw Fishing
Vessel BEA, her engines, tackle,
etc., in rem

TO: (Name and Address of Defendant)

BEA CORPORATION, through its registered agent
RAUL LIMAS
600 South Shore Drive
Port Isabel, Texas 78578

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Jack G. Carinhas, Jr.
302 Kings Highway, Suite 109
Brownsville, Texas 78521

an answer to the complaint which is herewith served upon you, within __twenty (20)__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby, Clerk                    11-13-01

CLERK                                      DATE

BY DEPUTY CLERK

440 (Rev 1/90) Summons in a Civil Action

# United States District Court

SOUTHERN DISTRICT OF TEXAS

CINDY MAE, INC.,
LAWRENCE ZAK and
FRANCISCO REYNA

V.

BEA CORPORATION,
RAUL LIMAS, in personam, and
The Oil Screw Fishing
Vessel BEA, her engines, tackle,
etc., in rem

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: B-01-192

TO: (Name and Address of Defendant)

RAUL LIMAS, in personam
600 South Shore Drive
Port Isabel, Texas 78578

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Jack G. Carinhas, Jr.
302 Kings Highway, Suite 109
Brownsville, Texas 78521

an answer to the complaint which is herewith served upon you, within __twenty (20)__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby, Clerk

CLERK

BY DEPUTY CLERK

DATE  11-13-01

# JACK G. CARINHAS, JR.

ATTORNEY AND COUNSELOR AT LAW

302 KINGS HIGHWAY, SUITE 109

BROWNSVILLE, TEXAS 78521

TELEPHONE: 956/542-9161

FACSIMILE: 956/542-3651

November 13, 2001

Ms. Olivia Gutierrez
Deputy District Clerk
U.S. District Court
600 E. Harrison Street
Brownsville, Texas 78520

B-01-192

RE: Civil Action No. _____
Cindy Mae, Inc., Lawrence Zak
and Francisco Reyna
v. Bea Corporation, Raul Limas,
*in personam*, and The Oil Screw
Fishing Vessel *Bea*, her engines,
tackle, etc., *in rem*
<u>USDC - Brownsville</u>

Dear Ms. Gutierrez:

On behalf of Plaintiffs Cindy Mae, Inc., Lawrence Zak and Francisco Reyna, enclosed find Plaintiffs' Complaint, in duplicate, for filing with the Court. Also enclosed is my firm's check in the sum of $150 to cover the filing fee.

In addition, we enclose two (2) Summons for your issuance so that same can be served upon Defendants with the Complaint.

Thank you for your assistance.

Very truly yours,

Jack G. Carinhas, Jr.

JGC/pr
Encls.