

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 0 6 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| CINDY MAE, INC., <br> LAWRENCE ZAK and <br> FRANCISCO REYNA <br><br> Plaintiffs, <br> VS. <br><br> BEA CORPORATION, <br> RAUL LIMAS, *in personam*, and <br> THE OIL SCREW FISHING <br> VESSEL BEA, her engines, tackle, <br> etc., *in rem* <br> Defendants. | § § § § § § § § § § § § § § § |

CASE NUMBER B-01-192

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW, BEA'S CORPORATION and RAUL LIMA, Defendants herein, and file this their Original Answer to the Complaint filed by Plaintiffs, and by way of answer would respectfully show unto the Court the following:

1.

Defendants admit the allegations contained in Paragraph 1 of Plaintiffs' Complaint which pertain to venue in this district.

2.

2.01  Defendants can neither admit nor deny the allegations contained in Paragraph 2, Section 2.01 of Plaintiffs' Complaint which pertain to Plaintiff Cindy Mae, Inc.s' place of business and ownership and operation of the F/V GULF SEAS. Therefore, said allegations are denied.

2.02  Defendants can neither admit nor deny the allegations contained in Paragraph 2, Section 2.02 of Plaintiffs' Complaint pertaining to Plaintiff Lawrence Zak's place of residence and employment as captain of the F/V GULF SEAS. Therefore, said allegations are denied.

2.03  Defendants can neither admit nor deny the allegations contained in Paragraph 2, Section 2.03 of Plaintiffs' Complaint pertaining to Plaintiff Francisco Reyna's place of residence and employment as rigman of the F/V GULF SEAS. Therefore, said allegations are denied.

3.

3.01  Defendants admit the allegations contained in Paragraph 3, Section 3.01 of Plaintiffs' Complaint; however, the correct name of the Defendant is Bea's Corporation.

3.02  Defendants admit the allegations contained in Paragraph 3, Section 3.02 of Plaintiffs' Complaint.

4.

Defendants admit the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5.

### GENERAL DENIAL

These Defendants deny each and every, all and singular, the allegations contained in Paragraphs 5, 6, 7, and 8 of Plaintiff's Complaint, and demand strict proof thereof.

6.

### AFFIRMATIVE DEFENSE

Pleading in the alternative, these Defendants would show unto the Court that if they be found to be responsible for or in any way the cause of the injuries allegedly sustained by the Plaintiffs, then these Defendants would invoke the doctrine of pure comparative negligence and would show unto the Court that any injuries allegedly suffered by Plaintiffs were caused, in whole or in part, by Plaintiffs' own negligence. Therefore, any amount of damages accruing to the Plaintiffs should be reduced by the percentage of each Plaintiff's own negligence in effecting his own injuries.

7.

Defendant RAUL LIMA alleges tat he is not liable in the capacity in which he is being sued.

8.

## LIMITATION OF LIABILITY

In further pleading in the alternative, if it be found that the Plaintiffs have suffered injuries as a result of an unseaworthy or negligent condition existing on board the F/V BEA, then Defendant BEA CORPORATION would seek to limit its liability to the value of the vessel. In further alternative pleading, Defendant BEA CORPORATION would show unto the Court that if any unseaworthy or negligent condition did cause in any way or to any extent any injuries to Plaintiffs, then such unseaworthy or negligent condition was occasioned or incurred without the privity or knowledge of the Defendant. Any loss or injury sustained by Plaintiffs was not caused or contributed to by any fault, neglect or want of care on the part of the Defendant, but was due, in whole or in part, to the negligence of the Plaintiffs, and without the privity and knowledge of the Defendant. Defendant therefore prays that it be allowed to limit its liability to the value of the F/V BEA at the end of the journey referred to in the instant action.

WHEREFORE, premises considered, Defendants pray that upon a final hearing hereof, Plaintiffs be denied any recovery sought and that Defendants be granted any and all relief, both at law and in equity, to which they may show themselves justly entitled.

Respectfully submitted,

SANCHEZ, WHITTINGTON & JANIS
100 North Expressway 83
Brownsville, Texas 78521-2284
(956) 546-3731 - Telephone
(956) 546-3765 or 546-3766 - Telecopier

By: _____
Dennis Sanchez
State Bar No. 17569600
FEDERAL ID: 1594

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Defendants' Original Answer** has been provided to counsel for the Plaintiffs, Mr. Jack G. Carinhas, Jr., 302 Kings Highway, Suite 109, Brownsville, Texas 78521, by certified mail, return receipt requested, on the __5th__ day of December, 2001.

_____
Dennis Sanchez