

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 4 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CINDY MAE, INC., <br> LAWRENCE ZAK and <br> FRANCISCO REYNA <br>         Plaintiffs <br><br> VS. <br><br> BEA CORPORATION, <br> RAUL LIMAS, *in personam*, and <br> THE OIL SCREW FISHING <br> VESSEL BEA, her engines, tackle, <br> etc., *in rem* <br>         Defendants | § § § § § § § § § § § § § § | CIVIL ACTION NO. B-01-192 <br><br> IN ADMIRALTY |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f)
### FEDERAL RULES OF CIVIL PROCEDURE

COME NOW, **Cindy Mae, Inc., Lawrence Zak** and **Francisco Reyna**, Plaintiffs and **Bea's Corporation** and **Raul Limas**, Defendants, in the above referenced action, filing their Joint Discovery/Case Management Plan, as required by the Cost and Delay Reduction Plan in the Civil Justice Reform Act of 1990 adopted by the Court on October 24, 1991.

1.    State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

     Circulation of Plan by fax correspondence on March 4, 2002 followed by telephone communication by counsel identified below:

     Jack G. Carinhas, Jr.
     Attorney at Law
     302 Kings Highway, Suite 109
     Brownsville, Texas 78521

     Dennis Sanchez
     Sanchez Whittington Janis & Zabarte, L.L.P.
     100 N. Expressway 83
     Brownsville, Texas 78521-2284

2.  List the cases related to this one that are pending in any state or federal court with the case number and court.

   None.

3.  <u>Briefly</u> describe what this case is about.

   This is an admiralty and maritime cause of action for personal injuries and property damage arising out of a maritime collision between the F/V *Gulf Seas* and the F/V *Bea* in the Gulf of Mexico off the lower Texas coast.

4.  Specify the allegation of federal jurisdiction.

   This Court has admiralty jurisdiction over the present controversy, because it concerns a maritime collision between two documented fishing vessels operating on the high seas. 28 U.S.C. §1333; Rule 9(h) and Supplemental Rule C of the Federal Rules of Civil Procedure. Venue is proper in this district pursuant to 28 U.S.C. §1391(c).

5.  Name the parties who disagree and the reasons.

   No disagreement.

6.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   No additional parties anticipated at this time, but correct names of Defendants are Bea's Corporation and Raul Limas Castellanos.

7.  List anticipated interventions.

   No interventions anticipated.

8.  Describe class-action issues.

   No class action issues.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

Rule 26(a) Initial Disclosures will be made by Plaintiffs and Defendants before the Rule 16 Scheduling Conference.

10. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

   Rule 26(f)(1). No changes.

   Rule 26(f)(2). These issues will be determined in the contents of the Plan below.

   Rule 26(f)(3). These issues will be determined in the contents of the Plan below.

   Rule 26(f)(4). No special order is necessary at this time.

   B. When and to whom the plaintiff anticipates it may send interrogatories.

   Plaintiffs anticipate sending interrogatories to the Defendant within 15 days of the Rule 16 Scheduling Conference.

   C. When and to whom the defendant anticipates it may send interrogatories.

   Defendants may send interrogatories to the Plaintiff within 45 days of the Rule 16 Scheduling Conference.

   D. Of whom and by when the plaintiff anticipates taking oral depositions.

   Plaintiffs anticipate taking oral depositions of the Defendants' identified witnesses and other persons with knowledge of relevant facts prior to the close of discovery.

E.     Of whom and by when the defendant anticipates taking oral depositions.

       Defendants anticipate taking oral depositions of the Plaintiffs' identified witnesses and other persons with knowledge of relevant facts prior to the close of discovery.

F.     When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

       By May 15, 2002.

G.     List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

       Plaintiff intends deposing all designated testifying experts prior to the close of discovery.

H.     List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

       Defendants intend deposing all testifying experts prior to the close of discovery.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

     No disagreement at this point.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

     None.

13. State the date the planned discovery can reasonably be completed.

   September 20, 2002.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

   Settlement doubtful at this point.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

   The parties agree to discuss the possibility of settlement after the Rule 16 Scheduling Conference.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

   The parties are willing to consider mediation before United States Magistrate Felix Recio or with a mutually acceptable mediator once sufficient discovery and information has been exchanged.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

   The parties cannot agree to trial before a magistrate judge at this time.

18. State whether a jury demand has been made and if it was made on time.

   No jury demand made by either side.

19. Specify the number of hours it will take to present the evidence in this case.

   Estimate 24 hrs.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

   None at this time.

21. List other motions pending.

   No other motions are pending at this time.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

   Nothing, other than that the case involves assessment of fault in a maritime collision situation governed by the International Rules of the Road.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

   Disclosures of interested parties have been filed by all parties as follows:

   |  | Date filed |
   |---|---|
   | By Plaintiffs | 12/11/01 (amended) |
   | By Defendants |  |

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

    Jack G. Carinhas, Jr.
    State Bar #03795000
    USDC No. 1179
    302 Kings Highway Ste 109
    Brownsville, Texas 78521
    Telephone: 956/542-9161
    Telefax:    956/542-3651
    Counsel for Plaintiffs

    Dennis Sanchez
    State Bar #17569600
    USDC No. 1594
    Sanchez, Whittington, Janis
      & Zabarte, L.L.P.
    100 North Expressway 83
    Brownsville, Texas 78521
    Telephone: 956/546-3731
    Telefax:    956/546-3766
    Counsel for Defendants

_____      _____
Counsel for Plaintiffs                                            Date

*March 4, 2002*

_____      _____
Counsel for Defendants                                          Date

*3-04-02*

Joint Discovery/Case Management Plan                                            Page - 7